52 F.3d 320
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
HAMPTON MEMORIAL GARDENS, INCORPORATED, Defendant-Appellee.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
HAMPTON MEMORIAL GARDENS, INCORPORATED, Defendant-Appellant.
 Nos. 93-1930, 93-2114.
 United States Court of Appeals, Fourth Circuit.
 Argued April 13, 1994.
Decided April 20, 1995.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. James E. Bradberry, Magistrate Judge. (CA-92-77)
 ARGUED: Paul D. Ramshaw, United States Equal Employment Opportunity Commission, Washington, DC, for appellant. Robert Elliott Long, Robert E. Long & Associates, Ltd., Hampton, VA, for appellee. ON BRIEF: James R. Neely, Jr., Deputy General Counsel, Gwendolyn Young Reams, Associate General Counsel, Vincent J. Blackwood, Asst. Gen. Counsel, United States Equal Employment Opportunity Commission, Washington, DC, for appellant. Dorothy M. Pater, Robert E. Long & Associates, Ltd., Hampton, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) appeals from the entry of judgment in favor of the defendant, Hampton Memorial Gardens, Inc. (Hampton) and Hampton cross-appeals the district court's denial of its motion for attorneys' fees. The EEOC claims that the district court erred in failing to reach the issue of whether Raymond Catlett, a former employee of Hampton, was discharged in retaliation for complaining about alleged discriminatory employment practices that the district court had determined were not, in fact, discriminatory, in violation of Title VII, 42 U.S.C. Sec. 2000e-2(a)(2). Because we are of opinion that the EEOC agreed to the procedure in the district court, we affirm the final judgment in favor of Hampton. We also affirm the district court's denial of attorneys' fees to Hampton, finding no abuse of discretion in that decision.
 
 
 2
 Hampton Memorial Gardens, Inc. and Parklawn Memorial Park (Parklawn) were two cemeteries owned by the same principals. Originally, Hampton had predominantly served the local black community and Parklawn the white community, but the parties agreed that by the time of the acts complained of, both cemeteries were fully integrated and served the community's needs without regard to color. Up until 1989, the two cemeteries utilized the same sales staff; that is, each salesperson sold plots in both cemeteries. Sometime in 1989, the sales staff separated, with salespeople assigned to a particular cemetery. After the separation, the sales staff of Hampton was more than half (4-2) black, and the sales staff at Parklawn was entirely white. Catlett complained about the separation in sales staff and his resulting inability to sell plots at Parklawn. He was discharged on February 13, 1990. Hampton claimed that it discharged Catlett for violating company policy, including having telephone contact with potential customers prior to appointments set up by telemarketing and fronting a downpayment on a contract with a customer.
 
 
 3
 The EEOC originally filed a complaint alleging that Hampton violated Title VII by segregating its work force and restricting its black employees to selling for Hampton cemetery only, and by discharging Catlett for complaining about that racially restrictive policy. By consent of the parties, a trial was held before a magistrate judge, who found that the EEOC failed to establish by a preponderance of the evidence that Hampton intended to discriminate against its black employees in general, or Catlett in particular. Rather, the district court determined that the evidence showed that the decision to separate the cemetery sales staff was based on business considerations and not race and that the salespeople were presented the opportunity to decide which cemetery to sell for. Because the EEOC failed in its claim of discriminatory employment practices, the district court stated that it was "not required to determine the second issue of whether Ray Catlett was retaliatorily fired." After the entry of this decision on May 14, 1993, Hampton requested attorneys' fees, which the district court rejected by order dated July 22, 1993.
 
 I.
 
 4
 While the EEOC claims error in the district court's failure to address Catlett's retaliatory discharge claim, Hampton claims that the EEOC waived this objection by concurring in the district court's decision at trial to reach that issue only if it found that Hampton's separation of sales staff was discriminatory. We agree with Hampton that the EEOC waived this objection. See Fed.R.Civ.P. 46.* At trial, the district court stated:
 
 
 5
 This case is about one issue and one issue only, and that is whether Mr. Ray Catlett, the complaining party, was deprived of an economic opportunity in the course of his employment as a result of a specific racially motivated management decision made by the defendants which limited his ability to sell cemetery plots.... That's the issue, and I'm frankly not going to consider very much that goes outside of that, and I'm telling both counsel so that everybody stays focused on this.
 
 
 6
 Counsel for the EEOC then stated to the court that there was also the issue of whether Catlett was discharged in retaliation for having complained. In response, the district court stated:
 
 
 7
 I understand that there is a charge of retaliatory discrimination which is made. As a practical--if there's a finding in favor of Mr. Catlett, then the Court has to go to the next step and determine whether or not there was a retaliatory discharge. If the Court does not find that Mr. Catlett was retaliatory discharged, it will never get to that point. Would you agree to that?
 
 
 8
 Counsel for the EEOC agreed. The EEOC, quoting and interpreting only the next-to-last line of the last-quoted statements of the district court, claims that it was not afforded a meaningful opportunity to object to the district court's ruling because its trial counsel must have misunderstood what ruling the district court was making. Although the district court appeared to have used the term retaliatory discharge when it meant to refer to the initial charge of discriminatory terms of employment, the district court's statements make quite clear the essence of the ruling, that if there was no discriminatory employment decision, there could have been no valid complaint about it.
 
 
 9
 We note that the EEOC only inferentially complains of the district court's finding that there was no discrimination in the employment of the sales force. It held that the decision to split the sales force between Hampton and Parklawn was not only voluntary on the part of the salespeople, but was entirely a business decision. We should add that the district court heard the witnesses in open court, and its decision is fully supported by the record.
 
 II.
 
 10
 In its cross-appeal, Hampton claims that the district court abused its discretion in failing to award Hampton attorneys' fees. Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978) held:
 
 
 11
 In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
 
 
 12
 We are of opinion that the district court did not abuse its discretion in refusing to award Hampton attorneys' fees based upon its finding that the EEOC suit was not frivolous, unreasonable, or without foundation. The district court concluded that the fact that the EEOC lost its case, one that was brought out of concern over a sales force claimed to have been divided along racial lines, because of a failure of proof, did not mean it was acting unreasonably or without foundation in this litigation. In Glymph v. Spartanburg General Hospital, 783 F.2d 476, 479 (4th Cir.1986), we stated that in awarding fees to a defendant in a Title VII case, a district court should look at the reasonableness of a plaintiff's claims as it existed at the time of trial, and not only at the outcome of the law suit. That is what the district court did in this case. We are of opinion that its denial of attorneys' fees was not an abuse of discretion.
 
 
 13
 In No. 93-1930, the appeal of the EEOC, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 15
 In No. 93-2114, the appeal of Hampton, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 Fed.R.Civ.P. 46 provides:
 Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which the party desires the court to take or the party's objection to the action of the court and the grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party.